IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  21-cr-00188-RBJ

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

1.  **ANTHONY ZAGHAB,**

    **Defendant.**

---

**INFORMATION**
**Count 1, 18 U.S.C. § 1343**

---

The Acting United States Attorney charges:

**Background**

    1.    The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.

    2.    In or around March 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to the millions of Americans suffering adverse economic effects caused by the COVID-19 pandemic.  The CARES Act established several new temporary programs and expanded existing programs, including programs created or administered by the SBA.

    3.    The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and

homeowners in regions affected by declared disasters.

4. The CARES Act authorized the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses, known as Economic Injury Disaster Grants (EIDGs). The amount of the advance was determined by the number of employees the applicant certified having. The advances did not need to be repaid.

5. In order to obtain an EIDL and/or EIDG, a qualifying business was required to submit an application to the SBA and provide information about its operations, such as the number of employees and the entity's gross business revenues and cost of goods sold in the twelve months prior to January 31, 2020. The amount of the loan, if approved, was determined based, in part, on the information provided concerning the number of employees, gross revenue, and cost of goods.

6. Any funds issued under an EIDL or EIDG were issued directly by the SBA. EIDL funds were permitted to be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

7. Another source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

8. In order to obtain a PPP loan, the authorized representative of a business was required to state the business's average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the small

business was eligible to receive under the PPP.

9. A participating lender would then process the PPP loan application. If the PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were fully guaranteed by the SBA.

10. Lender 1, based in New Jersey, participated in the PPP as a lender to small businesses.

11. The Colorado Department of Labor & Employment ("CDLE") administered another source of pandemic relief, the Pandemic Unemployment Assistance ("PUA") program. PUA was designed to provide unemployment benefits to workers affected by the pandemic who were not otherwise eligible for regular unemployment benefits. PUA was funded in part by the State of Colorado and in part by the United States government.

**Business Entities**

12. At all times relevant to this Information, the defendant, **ANTHONY ZAGHAB**, was a resident of the State and District of Colorado.

13. ZAGHAB owned or controlled corporate entities, all of which had registered business addresses in Colorado, including the following: MKZ Investments Inc, Zippy Document Preparation & Tax, Kloud Heads Smoke Shop & Vape, WSI Marketing & Promotions Inc, and Service Wand Inc.

14. ZAGHAB also claimed to own or control entities bearing his name (Anthony Zaghab) and the names of family members (I.Z., H.Z., R.D., and F.A.).

## The Scheme To Defraud

15. Beginning in or around April 29, 2020, and continuing until in or around February 6, 2021, within the State and District of Colorado and elsewhere, ZAGHAB, knowingly and with intent to defraud, devised, participated in, executed, and attempted to execute a scheme and artifice to defraud the United States, the State of Colorado, and Lender 1 to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and the concealment of material facts.

16. As part of the scheme to defraud, ZAGHAB submitted false and fraudulent EIDL and PPP applications to the SBA and to Lender 1 and received payments totaling over $660,000 based on those fraudulent applications.

17. As further part of the scheme, ZAGHAB claimed and received over $40,000 in unemployment insurance benefits on behalf of ineligible family members without their knowledge or consent.

## Manner and Means of the Scheme to Defraud

18. The fraudulent scheme operated and was carried out, in substance, as follows:

**EIDL Scheme**

19. ZAGHAB submitted and caused to be submitted numerous fraudulent EIDL applications to the SBA.

20. The SBA funded five of these EIDLs for a total of approximately $517,300, plus an additional $31,000 in EIDGs for these five entities. The approved EIDL applications included the following:

| Business Name | Applicant Name | Loan Amount | Grant Amount | Claimed Number of Employees | Claimed Gross Revenue | Claimed Cost of Goods Sold |
|---|---|---|---|---|---|---|
| MKZ Investments Inc | Anthony Zaghab | $44,300 | $5,000 | 5 | $100,000 | $1,500 |
| Anthony Zaghab | Anthony Zaghab | $150,000 | $5,000 | 5 | $400,000 | $2,000 |
| Zippy Document Preparation & Tax | Anthony Zaghab | $150,000 | $10,000 | 10 | $1,000,000 | $2,500 |
| Kloud Heads Smoke Shop & Vape | Anthony Zaghab | $150,000 | $10,000 | 10 | $1,000,000 | $2,500 |
| I.Z.[1] | I.Z. | $23,000 | $1,000 | 1 | $50,000 | $2,000 |

21.     ZAGHAB falsely represented that the information provided in the EIDL applications was true and accurate.  Specifically, as forth in the table above, ZAGHAB falsely stated the number of employees, the purported gross revenues, and the purported cost of goods sold for each of these entities.

22.     ZAGHAB falsely represented that Kloud Heads Smoke Shop & Vape was established on January 1, 2019, when in fact ZAGHAB registered it with the Colorado Secretary of State on or about April 29, 2020.  Similarly, ZAGHAB inflated the employees, revenues and costs for MKZ Investments in the twelve months prior to January 31, 2020, when in fact it was in delinquent status with the Colorado Secretary

---

[1] Initials have been used to denote fictitious business entities bearing the names of ZAGHAB's family members.

of State until ZAGHAB cured that status on June 17, 2020, the same day that ZAGHAB submitted the EIDL application.

23. It was further part of the scheme that ZAGHAB applied for and obtained an EIDL for a fictitious business entity bearing the name of the defendant's deceased father.

24. ZAGHAB submitted numerous other EIDL applications that were declined or denied by the SBA, but still resulted in EIDGs ranging from $5,000 to $10,000 each, for a total of $35,000.  These grants included the following:

| Business Name | Applicant Name | Grant Amount | Claimed Number of Employees | Claimed Gross Revenue | Claimed Cost of Goods Sold |
|---|---|---|---|---|---|
| WSI Marketing & Promotions Inc | Anthony Zaghab | $5,000 | 5 | $100,000 | $2,000 |
| Service Wand Inc | Anthony Zaghab | $10,000 | 10 | $400,000 | $2,600 |
| H.Z. | H.Z. | $5,000 | 5 | $400,000 | $1,500 |
| R.D. | R.D. | $10,000 | 10 | $1,000,000 | $1,000 |
| F.A. | F.A. | $5,000 | 5 | $50,000 | $2,000 |

25. ZAGHAB falsely represented that the information provided in the EIDL applications that resulted in the EIDGs was true and accurate.  Specifically, as set forth in the table above, ZAGHAB falsely stated the number of employees, the purported gross revenues, and the purported cost of goods sold for each of these entities. ZAGHAB also falsely stated the date each of these businesses was established.

26. It was further part of the scheme that ZAGHAB applied for and attempted

to obtain EIDLs on behalf of fictitious or purported business entities called "R.D.," "H.Z.," and "F.A.," without the knowledge or consent of his family members bearing these names.

27. In all of the above-described EIDL applications – both the ones that were granted and the ones that were declined but resulted in grants – ZAGHAB falsely represented that the funds would be used to pay payroll and other permissible expenses when, in fact, ZAGHAB used the majority of these proceeds for his personal benefit.

**PPP Scheme**

28. As further part of the scheme, ZAGHAB submitted and caused to be submitted four fraudulent PPP loan applications to Lender 1. All four PPP loan applications were approved and funded.

29. Specifically, on or about June 29, 2020, ZAGHAB submitted a PPP application for a business called "Anthony Zaghab." He falsely represented that the business had been established in 2019 and that it had a monthly payroll of $8,333. He received a PPP loan in the amount of $20,833.

30. On or about February 6, 2021, ZAGHAB submitted a second PPP application for the purported business entity "Anthony Zaghab." He again falsely represented that the business had been established in 2019 and that it had a monthly payroll of $8,333. He received a PPP loan in the amount of $20,832.

31. On or about June 29, 2020, ZAGHAB submitted a PPP application for a business called "H.Z.." He falsely represented that the business had been established

in 2019 and that it had a monthly payroll of $8,333.  He received a PPP loan in the amount of $20,833.

33. On or about February 3, 2021, ZAGHAB submitted a second PPP application for the purported business entity "H.Z.."  He again falsely represented that the business had been established in 2019 and that it had a monthly payroll of $8,333.  He received a PPP loan in the amount of $20,832.

33. ZAGHAB obtained a total of $83,330 in PPP loan proceeds based on these false representations, which he used for his own personal benefit instead of to pay permissible expenses, like payroll.

**Colorado Pandemic Unemployment Assistance Scheme**

34. As part of the scheme, ZAGHAB applied for and obtained approximately $41,500 in Colorado PUA for ineligible family members without their knowledge and consent.

35. Specifically, in or around April 2020, ZAGHAB applied for and obtained PUA for his sister and his mother, both of whom resided outside of the United States.  ZAGHAB submitted these applications without the knowledge of his sister or mother and used the money for his own personal benefit.

36. In or around April 2020, ZAGHAB also applied for and obtained PUA for his father who is and was deceased at the time of the application and used the money for his own personal benefit.

**COUNT 1**

**Wire Fraud, 18 U.S.C. § 1343**

37.     The allegations in paragraphs 1 through 36 of this Information are re-alleged and incorporated as if fully set forth herein.

38.     On or about June 23, 2020, in the State and District of Colorado, and elsewhere, defendant **ANTHONY ZAGHAB**, with intent to defraud, having devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and attempting to do so, did, for the purpose of executing the scheme and artifice, knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, to wit, the submission of an EIDL application for Zippy Document Preparation & Tax from Colorado to an SBA contractor's server located in Iowa.

All in violation of Title 18, United States Code, Section 1343.

**Forfeiture Allegation**

39.     The allegations contained in Count 1 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

40.     Upon conviction of the violations alleged in Count 1 of this Information involving the commission of violations of Title 18, United States Code, Section 1343, defendant ANTHONY ZAGHAB shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section

2461(c) any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: 1) $120,070 in fraud proceeds the defendant voluntarily returned to the United States Secret Service (USSS); 2) more than $250,000 in fraud proceeds that were applied to the mortgage for a home held in the defendant's wife's name; and 3) a money judgment in the amount of the proceeds obtained by the defendant's scheme.

41. If any of the property described above, as a result of any act or omission of the defendant:

- a) cannot be located upon the exercise of due diligence;
- b) has been transferred or sold to, or deposited with, a third party;
- c) has been placed beyond the jurisdiction of the Court;
- d) has been substantially diminished in value; or
- e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

MATTHEW T. KIRSCH

Acting United States Attorney

By: *s/ Martha A. Paluch*
Martha A. Paluch
By: *s/ Rebecca S. Weber*
Rebecca S. Weber
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail: Martha.Paluch@usdoj.gov
E-mail: Rebecca.Weber@usdoj.gov
Attorneys for the United States