IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00188-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     ANTHONY ZAGHAB,

        Defendant.
_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AND SPECIFIC ASSETS**
_____

        COMES NOW the United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Laura B. Hurd, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure, and moves this Court to enter a Preliminary Order of Forfeiture.

        In support, the United States sets forth the following:

**I.**     **Procedural Background**

        1.     On June 8, 2021, the United States charged defendant Anthony Zaghab by Information with wire fraud in Count 1, a violation of Title 18, United States Code, Section 1343.  (Doc. 1 at p. 9).  The Information also contained a forfeiture allegation providing the defendant with notice that the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

Section 2461(c), would seek forfeiture of the following assets:

    a) $120,070 in fraud proceeds the defendant voluntarily returned to the United States Secret Service (USSS);

    b) More than $250,000 in fraud proceeds that were applied to the mortgage for a home held in the defendant's wife's name; and

    c) A money judgment in the amount of the proceeds obtained by the defendant's scheme.  (Doc. 1 at pp. 9-10)

    2.    On August 9, 2021, the United States and defendant Anthony Zaghab entered into a Plea Agreement, in which the defendant pleaded guilty to Count 1 and agreed to forfeit to the United States any and all interest the defendant may have in the property described above.  The United States further agreed that the defendant's money judgment would be credited with any net proceeds obtained from judicially forfeited assets.[1]  (Doc. 11, p. 3-4).

    3.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of violation of Title 18, United States Code, Section 1343.

    4.    Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable

---

[1] The United States has a civil forfeiture action against the residence that received more than $250,000.00 in fraud proceeds, in civil case number 21-cv-01400-STV.  That case has not yet been resolved.  Any judicially forfeited funds from the civil forfeiture case would also be credited toward the defendant's money judgment.

after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).

5. The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

6. The facts as set forth in the Plea Agreement provide an ample basis for an order of forfeiture. More specifically, defendant Anthony Zaghab knowingly engaged in a scheme to defraud the United States in order to obtain pandemic-relief funds to which he was not entitled. The defendant submitted false and fraudulent Economic Injury Disaster Loan ("EIDL") and Paycheck Protection Program ("PPP") applications and was paid approximately $666,630 on those fraudulent applications. The defendant also claimed and received approximately $41,511 in unemployment insurance benefits on behalf of ineligible family members without their knowledge or consent. In total, the defendant obtained $708,141.00 in proceeds as a result of the scheme. The defendant also voluntarily turned over $120,070.00 in fraud proceeds and agreed that more than $250,000.00 in fraud proceeds were applied to the mortgage for a home held in the defendant's wife's name. (Doc. 11, p. 3-4). Accordingly, the defendant's interest in the $120,070.00, more than $250,000.00 in fraud proceeds applied to the mortgage of the residence, and a money judgment in the amount of $588,071.00 ($708,141.00 -

$120,070.00 = $588,071.00), is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). (Doc. 11).

7. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for the $120,070.00, a money judgment in the amount of $588,071.00, and the defendant's interest in the more than $250,000.00 in fraud proceeds applied to the mortgage of the residence held in the defendant's wife's name tendered herewith, for the reasons set forth above.

DATED this 12th day of October 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: s/ *Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Laura.Hurd@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

s/ *Jasmine Zachariah*
FSA Data Analyst
Office of the U.S. Attorney